TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                         Plaintiff,<br><br>        vs.<br><br>Carlos Rudy Covarrubias,<br><br>                         Defendant. | 4:24-cr-05417-RCC-1<br><br>SENTENCING<br>MEMORANDUM |

Plaintiff, United States of America, by its attorneys, TIMOTHY COURCHAINE, United States Attorney, and ADAM D. ROSSI, Assistant United States Attorney, hereby submit its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for August 5, 2025, before the Honorable Senior United States District Court Judge Raner C. Collins.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTS AND PROCEDURAL HISTORY**

In this case, the defendant has minimal criminal history, albeit with some old yet concerning domestic violence incidents. Presentence Report, Doc. 37, hereinafter "PSR," ¶¶ 39-43, 46-50. The defendant's conduct in this case, however, is very concerning.

On January 3, 2022, the Tucson Police Department (TPD) responded to a hit and run traffic accident where the occupants of a vehicle fled from the scene on foot, the driver later identified as codefendant Jose Martin Olivarria-Rodriguez, leaving the vehicle behind. PSR ¶ 5. TPD officers located an Ohio Ordnance Works, model M240, belt fed

semiautomatic, the civilian version of a military machinegun, rifle with an obliterated serial number in the back seat of the vehicle. *Id*. TPD also located a shipping box in the back seat of the vehicle that had the name "Carlos Covarrubias" on the shipping label along with Sahuarita Guns, a Federal Firearms Licensee (FFL). *Id*.

Special agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) contacted Ohio Ordnance Works to see if/when they had shipped an M240 to Sahuarita Guns. PSR ¶ 6. Special agents were provided with an invoice with the purchaser listed as Carlos Covarrubias, with a price of $14,139.72, and noted it was shipped to Sahuarita Guns. *Id*. Special agents then responded to Sahuarita Guns and obtained a copy of the ATF form 4473 for the transfer of the rifle to the defendant. PSR ¶ 7. The date of transfer was listed as December 30, 2021. PSR ¶ 6. On the 4473 form, the defendant listed an address where he did not reside. PSR ¶ 8. Special agents also learned the defendant had purchased a Wise Lite, 7.62x39mm belt-fed semiautomatic rifle, also the civilian version of a military machinegun, in June 2020, paying $4,683.80. *Id*.

Special agents learned that the trailer involved in the accident, while owned by a local business, was used by a subcontractor, Juan Catarino Renteria-Miranda. PSR ¶ 9. Renteria-Miranda eventually admitted he allowed codefendant Olivarria-Rodriguez to use his truck and trailer, that Olivarria-Rodriguez was paying off a debt to a cartel in Mexico, and the cartel was now threatening him for the missing firearm (the M240). PSR ¶¶ 9-10. Despite Renteria-Miranda claiming he did not know where Olivarria-Rodriguez lived, agents found him living in a car in front of Renteria-Miranda's residence. PSR ¶ 10.

Codefendant Olivarria-Rodriguez agreed to be interviewed, and admitted: he knew the serial number on the firearm was obliterated when he received it, to being the driver of the truck at the time of the accident and fleeing the scene, that he was present in the US illegally and knew he was not supposed to have firearms, that the firearm was destined for a cartel in Mexico, and that he was going to be paid for picking up, storing and delivering the firearm. PSR ¶¶ 11-14. Olivarria-Rodriguez consented to the download of his cell

phone where pictures of the firearm and him holding the firearm the day after it was purchased by Covarrubias were located. PSR ¶ 13.

On March 14, 2022, ATF special agents seized an Ohio Ordnance Works, model M2-SLR, .50 caliber, belt-fed semiautomatic firearm, another civilian version of a military machinegun, from FFL Sahuarita Guns, also ordered by Covarrubias. PSR ¶ 15. On March 17, 2022, ATF agents made contact at the address listed by the defendant on the 4473 forms, and were informed that Covarrubias did not live there and had not for several months. PSR ¶ 16.

Also on March 17, 2022, ATF special agents met with and interviewed the defendant. PSR ¶¶ 17-19. Covarrubias initially claimed that he purchased the firearm to "one up" a friend, and that he ended up selling the firearm to a person at Famous Sam's bar that he met playing pool several weeks after purchasing it. PSR ¶ 17. When the agents confronted the defendant that the firearm was recovered about 4 days after he purchased it, Covarrubias admitted that the previous statements were lies. PSR ¶ 18. The defendant then admitted to purchasing the M240, the M2 and an RPD rifle for a subject in Mexico, that he was provided money to purchase the firearms, including $16,240 to purchase the M2, that he was to be paid to purchase said firearms, and that he obliterated the serial number on the M240 himself using a tool he had at work. PSR ¶¶ 18-19.

Finally, on January 18, 2023, the Wise Lite RPDS, belt-fed, semiautomatic rifle, purchased by Covarrubias was recovered in Culiacan, Sinaloa, Mexico. PSR ¶ 21. The defendant and codefendants did not have a license to export these Commerce Control List items. PSR ¶ 22. In sum, the defendant purchased approximately $38,000 worth of semiautomatic rifles, the civilian versions of military machineguns, with he intent to export them to Mexico. PSR ¶ 23.

## II.    APPLICABLE GUIDELINE CALCULATIONS

The government agrees with the sentencing guideline calculations as set forth in the Presentence Investigation Report. The defendant's total criminal history score of zero

results in a criminal history category of I. PSR ¶ 45. As to the offense level computation, the defendant pled guilty to Count Eight of the Indictment, which alleges the defendant violated 18 U.S.C. § 554(a), Smuggling Goods From the United States. PSR ¶ 2. Accordingly, the base offense level is 26, as the offense involved three firearms, pursuant to U.S.S.G. § 2M5.2(a)(1). PSR ¶ 28. Three levels are subtracted pursuant to U.S.S.G. §§ 3E1.1(a) and (b) for acceptance of responsibility, for a total offense level of 23. PSR ¶¶ 35-37. Together with the defendant's Criminal History Category of I, the advisory sentencing guideline range is 46 to 57 months imprisonment. PSR ¶¶ 85 and 98. Pursuant to the plea agreement, any term of imprisonment is not to exceed the low-end of the guideline range, here 46 months imprisonment. PSR ¶ 98.

### III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government requests that this Court sentence the defendant to 46 months imprisonment, higher than the recommended sentence by Probation, but consistent with the cap of the plea agreement. The government believes this sentence appropriately reflects the severity of the offense and the individual characteristics of the defendant.

The defendant's offense in this case is very serious. The defendant attempted to export semiautomatic versions of machine guns, including a .50 caliber rifle, to members of a Sinaloa Cartel faction. For instance, a 7.62x39mm belt-fed, semiautomatic rifle purchased by the defendant was recovered in Culiacan, Sinaloa, Mexico. The defendant's actions placed the community, and the citizens of Mexico, at risk, and the sentence should reflect that. Therefore, consistent with the Rule 11(c)(1)(C) plea agreement, a sentence capped at the low end of the applicable guideline range is appropriate, without the variance recommended by Probation, as it is the balance between the defendant's behavior and the defendant's personal characteristics.

### IV.   CONCLUSION

For the reasons stated above, and based on the nature of this serious offense and the defendant's role within it, a sentence of 46 months is appropriate. Therefore, the

- 4 -

government would request the Court accept the defendant's plea of guilty, and impose the recommendations of Probation, but with a higher term of imprisonment of 46 months, per the plea agreement, to be followed by 3 years supervised release.

Based upon the nature of the current offense and the criminal history of the defendant, the sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Respectfully submitted this 29th day of July, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 29th day of July, 2025, to:

Stephanie K. Bond, Esq.,
Attorney for Defendant